Joseph and Kathrin Swiderski v. Commissioner.
Swiderski v. Commissioner
Docket No. 33281.
United States Tax Court
1952 Tax Ct. Memo LEXIS 99; 11 T.C.M. (CCH) 904; T.C.M. (RIA) 52263; August 27, 1952
*99 Joseph Swiderski, pro se. Scott A. Dahlquist, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax against petitioners for the year 1948 in the amount of $177.60. A part of such deficiency was based on a correction of the computation of tax on the net income as shown in petitioners' income tax return for that year. The remainder of the deficiency was determined on the basis of the disallowance of three items deducted by petitioners in their returns for the taxable year in the following respective amounts: sales tax, $37; loss on sale of car, $155; and for work clothes, shoes and gloves purchased and used by one of petitioners exclusively in connection with his employment in a chemical plant, $108. The correction in the computation of tax is not assigned as error but the disallowance of each of the stated items of deduction is assigned as error and such assignments present the issues herein. Findings of Fact Petitioners are and were, during 1948, husband and wife residing at 241 Martha Avenue, East Paterson, New Jersey. They filed a joint return for the year 1948 with the collector of internal *100 revenue for the fifth district of New Jersey. Petitioner, Joseph Swiderski, was employed during the year in question in a chemical plant and it was necessary in such employment for him to purchase and wear work clothes, safety shoes and gloves in order to protect himself from the acid fumes of the plant. Such apparel was not suitable for wear outside of the plant and was not so worn. In fact, the apparel was never taken out of the plant except for laundering. The cost to petitioner for such apparel in the year involved was $108. No competent evidence was submitted as to the amount of the deducted item for sales tax or whether in fact any such tax was paid. No competent evidence was submitted as to the deducted item for loss on the sale of a car or as to the year in which such loss, if any occurred, was incurred. Opinion HILL, Judge: We hold in accordance with our findings of fact in respect thereof that petitioners are entitled to deduct for tax purposes the amount of $108 for the items of wearing apparel used exclusively in connection with Joseph Swiderski's employment in the chemical plant. We further hold that for lack of evidence to overcome the presumption of correctness *101 of respondent's determination in disallowing the claimed deductions for payments of sales tax and for loss on the sale of a car, respondent's action in respect thereof should be sustained. Decision will be entered under Rule 50.